UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WNT, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>ERNEST AWOJUOLA,<br><br>              Defendant. | Civil No. 19cv0216 JAH (BGS)<br><br>**ORDER:**<br>**1. REMANDING THE ACTION *SUA SPONTE*;**<br><br>**2. DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

## **INTRODUCTION**

On November 6, 2018, WNT Inc. ("Plaintiff"), filed an unlawful detainer action against Ernest Awojuola ("Defendant"), in the Superior Court of California, County of San Diego. Doc. No. 1-2. Plaintiff served Defendant with a three-day notice to deliver possession of real property. On January 31, 2019, Defendant, proceeding *pro se*, filed a notice of removal and a request to proceed *in forma pauperis*. Doc. Nos. 1, 2. After a careful review of the pleadings and for the reasons set forth below, the Court (1) **REMANDS** the action to the California Superior Court for lack of subject matter jurisdiction and (2) **DENIES** as moot the motion to proceed *in forma pauperis*.

1

# DISCUSSION

## I. Defendant's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all their assets, showing the inability to pay the statutory filing fee. See 28 U.S.C. § 1915(a).

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Notwithstanding payment of any filing fee or portion thereof, a pleading filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000)(en banc). Section 1915(e)(2) mandates that the Court reviewing a pleading filed pursuant to the *in forma pauperis* provisions make and rule on its own motion to dismiss before directing service by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). Lopez, 203 F.3d at 1127. If the Court determines, on its own initiative, that the action lacks an arguable basis, Section 1915(e) authorizes dismissal. Cato v. United States, 70 F.3d 1103, 1106–07 (9th Cir. 1995) (affirming the district court's dismissal on jurisdictional and sovereign immunity grounds.)

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

### A. Protecting Tenants at Foreclosure Act of 2009

Defendant filed a notice of removal asserting a defense based on "The Protecting Tenants at Foreclosure Act of 2009,[2]" ("PTFA" or "Act") 12 U.S. C. § 5201. He contends that federal question jurisdiction exists because PTFA preempts state law as to bona fide residential tenants of foreclosed landlords. Congress originally enacted PTFA as a temporary measure during the mortgage foreclosure crisis – including a sunset provision which set the expiration on December 31, 2014. Mik v. Fed. Home Loan Mortg. Corp., 743 F.3d 149, 157 n.3 (6th Cir. 2014) (citing Mortgage Reform and Anti–Predatory Lending Act, Pub.L. No. 111–203, § 1484, 124 Stat. 1376, 2204 (2010) (codified at 42 U.S.C. § 1437f note (Supp. V 2012)). On May 24, 2018, President Trump restored and revived the Act effective June 23, 2018 by signing Senate Bill 215, commonly known as The Economic Growth, Regulatory Relief and Consumer Protection Act. Pub. L. No. 115-174, 132 Stat 1296 (2018). Section 304 of this legislation repealed the sunset provision of PTFA restoring notification requirements and other protections related to the eviction of renters in foreclosed properties. Id. at § 304.

Here, the unlawful detainer action was filed on November 6, 2018, indicating a 3-day notice to pay rent or quit was provided to Defendant on October 12, 2018, both events following the reenactment of the Act. Defendant asserts he is a bona fide tenant under PTFA, however, Defendant does not allege that he is a tenant of a foreclosed property. Even if the Act applied, this Court is without subject-matter jurisdiction over this action.

### B. Subject-Matter Jurisdiction

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction," and therefore may address issues of subject-matter jurisdiction *sua* sponte at any stage of the litigation. Henderson ex rel. Henderson v.

---

[2] PTFA was enacted to protect tenants who lived in properties that were subject to foreclosure by imposing certain obligations on successors in interest to foreclosed properties. The PTFA requires successors in interest to provide bona fide tenants with 90 days' notice to vacate and to allow bona fide tenants to occupy the premises until the end of their lease term unless certain conditions were met.

3

Shinseki, 562 U.S. 428, 434 (2011). The federal court is one of limited jurisdiction. Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject-matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). The burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994).

"'[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' [Citation omitted]." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). Plaintiffs must plead a colorable claim "arising under" the Constitution or laws of the United States to invoke federal-question jurisdiction pursuant to 28 U.S.C. §1331. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). To properly invoke federal question jurisdiction, a federal law or regulation must be "an element, and an essential one, of the plaintiff's cause of action." Gully v. First Nat. Bank, 299 U.S. 109, 112 (1936). If "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh, 546 U.S. at 514.

A review of the state court complaint in this case shows that Plaintiff alleges a single unlawful detainer claim under California Code of Civil Procedure § 1161. Section 1161 provides in part:

> "A tenant of real property . . . is guilty of unlawful detainer . . . [w]hen he or she continues in possession, in person or by subtenant, without the permission of his or her landlord, . . . after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days notice [is given]."

Cal. Code. Civ. P. §1161. Plaintiff served Defendant with a three-day notice to deliver possession of the premises. Assuming the property in question was foreclosed upon, PTFA requires successors in interest to provide bona fide tenants with a minimum 90 days' notice.

### 1. *Private Right of Action*

Defendant argues that the Act's 90-day notice requirement preempts California's less protective state law, and that Plaintiff must show compliance with PTFA's notice requirement in order to make a *prima facie* showing of an unlawful detainer claim. He further contends that "PTFA is not a defense, but the entire basis for the action to eject a *bona fide* residential tenant of a foreclosed landlord." Doc. No. 1 at 7 ¶ 13.

Defendant's assertions are misguided. Despite the notification requirements outlined by the Act, the Act does not create a federal private right of action for a tenant. Logan v. U.S. Bank Nat'l Ass'n., 722 F.3d 1163, 1169 (9th Cir. 2013). First,"[p]laintiff's state-based unlawful detainer claim does not, as Defendant urges, become a federal cause of action merely by Plaintiff's reference to a federal statute." SD Coastline LP v. Buck, No. 10CV2108 MMA NLS, 2010 WL 4809661, at *2 (S.D. Cal. Nov. 19, 2010) (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). As in SD Coastline LP v. Buck , Defendant's contention that the notice was prematurely served, is in essence a claim or defense that Plaintiff has violated a federal statute. It however, does not transform Plaintiff's state law claim into a federal one.

Second, as Defendant correctly notes - " [t]o be a federal cause of action, there must also be a private right of action." Doc. No. 1 at 5 (citing Merrill Dow Pharms. Inv v. Thompson 478 U.S. 804, 817 (1986)). The Ninth Circuit has previously held that the "PTFA neither explicitly nor implicitly creates a cause of action, " See Logan, 722 F.3d at 1173. This is true with respect to both tenant and landlord. Id.; See also San Diego Pacificvu LLC v. Wade, No. 15-CV-00181-BAS RBB, 2015 WL 588561, at *3 (S.D. Cal. Feb. 11, 2015). A private right of action based on a federal statute does not exist without Congressional intent to create such a right. Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (the fact that a federal statute has been violated and some person is harmed does not automatically give rise to a private cause of action in favor of that person.).

The Act may, however, be used as a defense in California state eviction proceedings. Logan, 722 F.3d at 1173. While Defendant may seek to raise a defense based on federal

law, defenses do not provide a basis for federal question jurisdiction and are therefore insufficient to confer subject matter jurisdiction. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 399 (1987) ("a case may not be removed to federal court on the basis of a federal defense"). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. [Citation omitted]." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). As such, Defendant's assertion of a PTFA defense in the notice of removal does not establish federal question jurisdiction under 28 U.S.C. § 1331.

*2. Complete Preemption*

In general, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005)(citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14, (1983)). An exception exists only, "when the preemptive force of a statute is so strong that it 'completely preempt[s]' an area of state law." Id. (citing Balcorta v. Twentieth Century–Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir.2000)).

The scope of complete preemption as recognized by the Supreme Court is extremely limited. Robinson v. Michigan Consol. Gas Co. Inc., 918 F.2d 579, 585 (9th Cir. 1990). Simply imposing a minimal notice requirement on successors in interest to foreclosed properties is a far cry from controlling an entire area of state law as it relates to those foreclosed properties. Defendant has not demonstrated that the reenactment of the Act preempted an entire area of state law. Moreover, district courts have continuously rejected this argument. See U.S. Bank Nat'l Ass'n as Tr. for Harborview Mortg. Loan Tr. 2005-8, Mortg. Loan Pass-Through Certificates, Series 2005-8 v. Somo, No. 19-CV-658-GPC-RBB, 2019 WL 2417443, at *3 (S.D. Cal. June 10, 2019) (collecting district cases which held PTFA is not a basis for federal question jurisdiction). Accordingly, Defendant's notice of removal does not "state[] a federal issue, actually disputed and substantial," which this

6

Court "may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Defendant's assertion of federal subject matter jurisdiction is without merit. Plaintiff's unlawful detainer claim does not confer federal question jurisdiction, and thus is not removable.

## CONCLUSION

Petitioner has not demonstrated a clear entitlement to removal under § 1331.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The action is **REMANDED** *sua sponte* to the Superior Court of the State of California for San Diego County.

2. Petitioner's request to proceed *in forma pauperis* is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

DATED: August 2, 2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE